Request of House of Representatives
No. 7728

OPINION OF THE JUSTICES

March 31, 1977

The following resolution was adopted by the house of representatives on March 10, 1977, and filed with the supreme court on March 14, 1977:

"WHEREAS, the Governor is required by RSA 9:2 to transmit to the Legislature no later than February 15th a budget setting forth his financial program for each of the fiscal years of the ensuing biennium; and

"WHEREAS, said budget must also set forth the Governor's recommendations to the legislature with respect to the manner in which the appropriations recommended in said budget may be funded; and

"WHEREAS, there is pending before the Appropriations Committee of the House of Representatives the Governor's proposed budget for fiscal years 1978 and 1979; and

"WHEREAS, the Governor's recommendations regarding the manner in which proposed appropriations may be funded have, in the past, carried great weight in the deliberations on the budget bill; and

"WHEREAS, the serious fiscal problems facing this state make it likely that any proposal for drawing upon revenues other than general fund revenues will be given serious consideration in the course of enacting the pending budget bill; and

"WHEREAS, PAU 02-20-05-02 on page 180 of the Governor's proposed budget proposes to draw upon certain revenues accruing to the state from registration fees, operators' licenses, gasoline road tolls and other special charges and taxes with respect to the operation of motor vehicles and the sale and consumption of motor vehicle fuels (commonly known as the 'Highway Trust Fund') in order to provide 95% of the revenue necessary to fund the detec-

tive bureau of the division of state police within the department of safety; and

"WHEREAS, Part 2, Article 6-a of the New Hampshire Constitution restricts the appropriation of all revenue from the Highway Trust Fund to purposes pertaining exclusively to 'the construction, reconstruction and maintenance of public highways within this state, including the supervision of traffic thereon and payment of the interest and principal of obligations incurred for said purposes'; and

"WHEREAS, doubt has been expressed as to the constitutionality of applying revenues from the Highway Trust Fund for the purposes set out in PAU 02-20-05-02 of the Governor's proposed budget.

"Now, Therefore Be It Resolved:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of law:

"1. Is the appropriation and use of revenues from the Highway Trust Fund for the purpose of funding the operation of the detective bureau of the division of state police in the manner recommended by the Governor, consonant with the limitations imposed upon the use of such revenues by Part 2, Article 6-a of the New Hampshire Constitution?

"2. If the answer to the previous question is 'No' to what extent, if any, may the operation of the detective bureau of the division of state police be funded from revenues drawn from the Highway Trust Fund?

"Be It Further Resolved that the clerk of the house transmit ten (10) copies of this resolution to the clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, justices of the supreme court, return the following answers to the questions contained in your resolution of March 10, 1977, and filed in this court on March 14, 1977.

■ Your first question asks whether the appropriation and use of revenues from the Highway Trust Fund for the purpose of funding the detective bureau of the division of state police in the

manner recommended by the Governor in his proposed budget is consonant with the limitation placed on the use of such revenues by part II, article 6-a of the New Hampshire Constitution.

Our answer is "Yes", as limited below.

N.H. CONST. pt. II, art. 6-a reads as follows:

> [Use of Certain Revenues Restricted to Highways.] All revenue in excess of the necessary cost of collection and administration accruing to the state from registration fees, operators' licenses, gasoline road tolls or any other special charges or taxes with respect to the operation of motor vehicles or the sale or consumption of motor vehicle fuels shall be appropriated and used exclusively for the construction, reconstruction and maintenance of public highways within this state, including the supervision of traffic thereon and payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, by transfer of funds or otherwise, be diverted to any other purpose whatsoever.

The justices in the past have given opinions that this provision of the constitution is not violated by legislation providing that the cost of relocating utility facilities required because of the relocation of the highway be paid out of such revenues, *Opinion of the Justices,* 101 N.H. 527, 132 A.2d 613 (1957), or by using additional motor vehicle permit fees to fund construction of public parking facilities. *Opinion of the Justices,* 109 N.H. 396, 254 A.2d 273 (1969).

In our opinion the express language of pt. II, art. 6-a "including the supervision of traffic thereon" authorizes the expenditure of such funds for the enforcement of traffic laws and the patrolling of the highways. This is consistent with the constitutional convention history of the article. *See* Jour. N.H. Const. Conv. 148–49 (May 25, 1938). We note that a substantial part of the budget of the division of state police for the communication and traffic bureaus is and has been funded from revenues drawn from the highway trust fund. Such funding does not violate pt. II, art. 6-a provided the amount of funding from highway trust funds is in the proportion that the work of a particular bureau relates to the supervision of traffic, including the enforcement of traffic laws.

We are informed in the memorandum submitted on behalf of the Governor that the detective bureau is involved with the enforcement of traffic laws, including the apprehension and prosecution of violators. We are not in a position to make a determination in this proceeding of what percentage of the work of that bureau is devoted to such purposes. Such a determination must be made in the first instance by the legislative branch subject to such possible attacks as may be made upon that determination by persons in an adversary proceeding. *See Monitor Publishing Co. v. Hill,* 103 N.H. 397, 173 A.2d 725 (1961). It is our opinion, however, that the funding of the detective bureau budget from highway trust funds in the proportion that its traffic control activities bears to the total work of the bureau would be consonant with N.H. CONST. pt. II, art. 6-a. Our answer to the first question therefore is "Yes", provided the percentage of such financing is reasonably related to the amount of the work of that bureau which is devoted to the enforcement of traffic laws.

We also note in passing that the restrictions of pt. II, art. 6-a relate only to revenue from "registration fees, operators' licenses, gasoline road tolls or any other special charges or taxes with respect to the operation of motor vehicles or the sale or consumption of motor vehicle fuels." RSA 106-B:10 provides that the director of motor vehicles shall pay over all motor vehicle fines to the state treasurer who is directed to pay the net amount after certain deductions to the highway department to use "for maintenance of highways." RSA 6:12. Because these funds are not revenues from the sources set forth in pt. II, art. 6-a, N.H. Constitution, they do not in our opinion fall within the restrictions of that article.

The foregoing opinion makes it unnecessary to answer your second question.

> FRANK R. KENISON
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> MAURICE P. BOIS
> CHARLES G. DOUGLAS III

March 31, 1977.