Request of Senate
No. 7849

OPINION OF THE JUSTICES

August 18, 1977

The following resolution was adopted by the senate on July 12, 1977, and filed with the supreme court on July 14, 1977:

"Whereas, there is currently pending before the Senate House Bill 1096 establishing and funding a highway transportation fund to aid the elderly and handicapped; and

"Whereas, House Bill 1096 proposes to create a highway transportation fund in which shall be deposited increased fees for inspection stickers and certificates of title; and

"Whereas, Part 2, Article 6-a of the Constitution of New Hampshire restricts the use of certain revenues; now, therefore, be it

"Resolved by the Senate, that the Justices of the Supreme Court be respectfully requested, upon this solemn occasion, to give their opinion upon the following important question of law:

"Would the constitutional restriction on the use of certain revenues related to motor vehicles be violated by the establishment and funding of the highway transportation fund as proposed in House Bill 1096 as amended?

"Be it further resolved, that the clerk transmit 10 copies of this resolution and of House Bill 1096 as amended to the Clerk of the Supreme Court for consideration by the Court."

The following answer was returned:

*To the Honorable Senate:*

The undersigned, justices of the supreme court, return the following answer to the question contained in your resolution of July 12, 1977, and filed in this court on July 14, 1977.

Your resolution poses the question whether sums collected from increased assessments on motor vehicle operation may be expended on developing modes of public highway passenger transportation with special emphasis on programs for the elderly and handicapped, consistent with part II, article 6-a of the New Hampshire Constitution. Article 6-a restricts the expenditure of funds col-

lected from charges on motor vehicle operation to construction, maintenance, and supervision of public highways.

■ The restrictions imposed by article 6-a have consistently been held to limit the expenditure of funds derived from the regulation of motor vehicles to highway purposes. *Opinion of the Justices,* 101 N.H. 527, 530, 132 A.2d 613, 615 (1957); *Opinion of the Justices,* 94 N.H. 501, 505, 51 A.2d 836, 839 (1947). Highway purposes may encompass expenditures for purposes other than those necessary to the physical construction and maintenance of the highways themselves. *See* Annot., 75 A.L.R.2d 419, 424–25 (1961). For example, this court has sustained the application of motor vehicle funds to pay for the construction and maintenance of public parking areas, where the purpose and effect of such expenditures was to remove parked cars from the public highways. *Opinion of the Justices,* 109 N.H. 396, 401, 254 A.2d 273, 277 (1969); *Opinion of the Justices,* 94 N.H. 501, 505, 51 A.2d 836, 839 (1947). Similarly, expenditures for the relocation of utility facilities made necessary by highway construction have been sustained. *Opinion of the Justices,* 101 N.H. 527, 530, 132 A.2d 613, 615 (1957). Recently we sustained the proposed application of motor vehicle assessments to help fund the detective bureau division of the state police, where the amounts so applied were proportionate to the bureau's work of supervising traffic and enforcing traffic laws. *Opinion of the Justices,* 117 N.H. 300, 304, 371 A.2d 1189, 1190–91 (1977).

■ In these cases the funds were expended for purposes which benefited the highway user, in his capacity as a highway user. *See* Cunningham, *Billboard Control Under The Highway Beautification Act of 1965,* 71 Mich. L. Rev. 1296, 1360 (1973). This is required by article 6-a, which was adopted to assure that assessments on motor vehicles are used to benefit those who incur the assessment, by restricting application of the funds to highway purposes. *Jour. N.H. Const. Conv.* 145 (May 25, 1938). The reasoning supporting this policy is that the motoring public pays a tax in addition to the general taxes paid in common with other residents of the state. *Jour. N.H. Const. Conv.* 143 (May 25, 1938). In this respect article 6-a operates as a restriction on otherwise permissible taxing purposes, which would include the allocation of revenue in such a manner as the legislature considers necessary in order to promote the general public's welfare.

■ The proposed legislation does not restrict the application of motor vehicle assessments to highway purposes as defined above. The proposed expenditure is not designed to benefit highway users. Instead the expenditure is designed to assist the elderly and handicapped. The legislation does not specifically set out the programs that are to be developed, but makes clear that the assistance proposed relates to the means of transporting the elderly and handicapped. This does not, however, convert the measure into one designed for a highway purpose. Unlike the legislation sustained in the past, this expenditure does not benefit those who have occasion to use the highways, nor does it assure that those who pay the assessment will receive the benefits therefrom.

■ The expenditure of state funds in the proposed manner is undoubtedly a legitimate legislative objective, and one which may well deserve further attention. However, that objective must be achieved through the expenditure of funds which are not, under our constitution, expressly restricted to application to highway purposes. Our response to the question posed by the senate is, therefore, that the proposed legislation does violate the restrictions contained in part II, article 6-a of the Constitution of New Hampshire.

FRANK R. KENISON
EDWARD J. LAMPRON
WILLIAM A. GRIMES
CHARLES G. DOUGLAS III